# CASES

IN THE

# SUPERIOR COURT

OF

# PENNSYLVANIA.

---

## W. N. Strathern v. the Borough of Braddock, Appellant.

*Change of grade—Measure of damage—Evidence—Charge of court.*

The damages resulting from change of grade of a borough street is measured by the market value before and after the change, and where the evidence admitted, touching the condition, as well as the charge of the court, is carefully restricted so as to comply with the decision of the Supreme Court in Dawson v. Pittsburg, 159 Pa. 317, no error is committed.

Argued April 25, 1899. Appeal, No. 217, April T., 1899, by defendant, from judgment of C. P. No. 3, Allegheny Co., Feb. T., 1898, No. 158, on verdict for plaintiff. Before RICE, P. J., ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed. Opinion by ORLADY, J.

Feigned issue. Before McCLUNG, J.

It appears from the evidence that defendant graded and paved the cartway only of Fifth street and in so doing cut along the side of plaintiff's property; said property upon which was erected a frame dwelling house, fronting on Camp avenue, house and lot being together worth about $4,000, fronted forty-one and fifteen hundredths feet on the southwardly side of Camp avenue, at the corner of Fifth street, and extended back southwardly along Fifth street—where the grading was done—150 feet to a twenty-foot public alley. The cut was five tenths of a foot at the corner of Camp avenue and Fifth street—the front of the

lot—and as the grading extended back the cut gradually deepened until it was four and eight tenths feet at the alley at the rear. The borough leveled off the grade of the alley so that the cut on the alley in the rear of plaintiff's lot was four and eight tenths feet at the street rising to a cut of about two feet when forty-one and fifteen hundredths feet in the alley at plaintiff's westerly line. The borough had viewers appointed under the act of 1891, who awarded plaintiff nothing. The report however was set aside upon exceptions filed thereto by plaintiff and others, because the borough had done the work pursuant to a resolution merely, and thereafter the plaintiff at No. 158, February term, 1898, had viewers appointed under the act of 1878, who awarded him $50.00, from which award plaintiff appealed, and the feigned issue formed sec. reg. upon that appeal was the cause tried. [Upon the trial the plaintiff offered under objection to prove the price he paid for grading the sidewalk; the objection was overruled, bill sealed and the testimony given.] [1, 2]

The court, in overruling the objections, said:

[If it was the duty of the borough then, if they left the street in an unfinished condition, and it is for the jury to say whether or not that fact did not affect the market value of the property, and this is one method of finding out how much it affected it. This without regard to whose duty it was to grade the sidewalk.] [3] [The plaintiff further offered under objection to prove damages done to his lot by the grading of the alley in the rear, the petition for appointment of viewers not mentioning the grading of the alley. Objection overruled, bill sealed and testimony taken.] [4]

In overruling the objection the court said:

[If the grading of the alley was a necessary incident to the grading of the street and the building of a wall to protect it is a necessity arising out of the grading of the alley, then it is as much a matter to go before the jury as a wall along the street. None of it is proper testimony as to damages, and none of it is competent to go to the jury alone; but we are assuming that that which will render it competent will be put in.] [5]

Verdict and judgment for plaintiff for $564.16. Defendant appealed.

*Errors assigned* were (1, 2) in admitting plaintiff's offer of testimony for grading and paving the sidewalk. (3) In overruling the objection to the evidence, reciting remarks of the court. , (4) In overruling objection to offer of evidence on behalf of the plaintiff as to damages to the lot, reciting same. (5) In overruling the objection to the evidence, reciting remarks of the court. (6) In admitting the following testimony after objection made thereto: "Q. Well, now, taking it in its present condition, what, in your judgment, is necessary to put it in proper order and condition with reference to the cutting on the Fifth street side and whatever grading was necessary on the alley; what is necessary to put the property into proper condition? Objected to. Objection overruled."

*Francis S. Bennett,* for appellant.—The questions raised by the first and second assignments of error are closely connected and are, whether the plaintiff had a right to offer testimony that he himself cut down the grade of the sidewalk to conform with the grade of the cartway at his own expense—the borough being at that time actually grading the cartway—and to further prove what he, plaintiff, paid therefor. It is decided in Steelton Borough v. Booser, 162 Pa. 630, that the abutting property owner is not liable for the expense of grading the sidewalk in front of his lot, and the plaintiff in this case was therefore under no legal liability to do said work or to pay for it.

If it be attempted to justify the admission of that testimony on the broad ground that the jury was entitled to know all the surrounding circumstances as bearing upon the market value, Dawson v. Pittsburg, 159 Pa. 317, the answer is that testimony to the effect, if it had been true, that the cartway only had been graded by the borough, and the abutting sidewalk of plaintiff had been left after the completion of the grading of the cartway standing ungraded from five eighths of a foot to four and eight tenths of a foot, would perhaps have been admissible; but even then upon what ground could the testimony that plaintiff had actually paid $81.15 for grading that sidewalk so left ungraded by the borough be admitted when plaintiff was under no duty to do or to pay for such grading?

The fourth and sixth assignments of error raise different phases of the same question, that is, can the plaintiff recover for damages done by the grading of the public alley in the rear of his property in a proceeding to assess the damage done along the side of the property by grading Fifth street? Still, on the question of right, as distinguished from pleading, it seems to be settled that damages done by the grading of the alley in the rear cannot be recovered for in a proceeding to assess the damages done by the grading of another street, Fifth street, along the side of the property. They are independent, different and separate cases, and must necessarily be separately tried : In re Melon St., 1 Pa. Superior Ct. 63.

*William Yost*, for appellee.—This cause was tried by Judge McClung, who also tried the case of Dawson v. Pittsburg, 159 Pa. 317.

Opinion by Orlady, J., July 28, 1899 :

The defendant borough changed the grade of one of its highways at the side of the plaintiff's property, and in furtherance of the improvement a uniform grade was established between two streets in such a way as to make an excavation of about six inches at the corner of Camp avenue and Fifth street, and thence along Fifth street the length of plaintiff's lot, 150 feet, and an additional eighteen feet beyond the lot line to the south curb line of a twenty-foot alley in the rear of his premises, at which point the excavation was about four and one half feet below the original grade. The borough graded only the cart or wagon way and left a strip of ground ten feet wide, the full length of his lot, between the cart or wagon way and his property line. The lot was purchased by the plaintiff in 1896, at which time it was practically level with Camp avenue and receded towards the alley with a fall of about two feet. This grade was overcome by the material dug out of the cellar where the plaintiff built his dwelling house, so that the surface of the lot was made nearly level with the adjoining streets, Camp avenue and Fifth street. In order to make the pavement grade conform to the new grade of the cart or wagon way the plaintiff made a corresponding excavation and built a retaining wall for the purpose of supporting the bank. The grading of

the pavement was done at the same time as that of the street and the borough had not paved the street up to the time of the trial of this case. The plaintiff was permitted to testify, under objection, that he had paid $81.30 to have the pavement graded to the street line. The evidence was objected to as immaterial, irrelevant, and incompetent, in that it was not the duty of the owner to grade the sidewalk. The amount paid for having the work done was conceded to be fair and reasonable, and the evidence was admitted, as stated by the court. "If it was the duty of the borough then, if they left the street in an unfinished condition, it is for the jury to say whether that fact did not affect the market value of the property, and this is one method of finding out how much it affected it. This without regard to whose duty it was to grade the sidewalk." Standing alone, this was an error. The grade for the pavement was fixed by the borough, the work on the sidewalk being done by the contractor, and upon the same terms, and at the same time that the street was changed. In the general charge the matter was properly guarded by the learned trial judge, viz: "If there was grading to be done in order to put it in marketable shape; or if there was sloping; or if there was a wall to be built, those are matters of which it is proper that you should know the cost, but this is with a view of enabling you to determine what the real market value of it was after the improvement was made, after the street was graded. None of these are distinct elements of damages. He should not be allowed for any of these expenses that he went to unless they affected the market value. If he chose to do anything that did not affect the market value, he could not be allowed for it here. The whole matter comes back, and I repeat it to you, to determine what the difference in the market value was before this grading was done and after. If there was any difference, if the property was worth more, then he is not damaged; if it was worth less, then he is damaged the amount of the reduction." The same thought was repeated several times in varying forms. From the testimony of the borough engineer it is certain that the work was left in an incomplete condition, and that some work was required to place the plaintiff's property in a convenient and marketable condition. The alley in the rear of the lot was not graded. A retaining wall or a substituted terrace was nec-

essary to adapt the property to the changes made by the borough on Fifth street, and the evidence, of which complaint is made in the assignments, was carefully restricted by the court and the whole case was submitted to the jury in a cautious and adequate charge, to which no exception was taken, and of which no complaint is made.   The case was evidently tried so as to comply with the decision of the Supreme Court in Dawson v. Pittsburg, 159 Pa. 317, and we do not discover any substantial error in the record.

The judgment is affirmed.