## Whitehead v. Manor Borough, Appellant.

*Road law—Change of grade—Encroaching steps—Damages—Charge.*

In a proceeding to assess damages for injuries caused by a change of grade, where the plaintiff claims as an element of damages the removal of steps, but this question is practically eliminated from the case by the charge of the court, the question as to whether or not the steps were an encroachment on the highway is of no practical importance.

In a proceeding to assess damages for change of grade of a street, it is not error to affirm a point of the plaintiff as follows: "If the jury find that the defendant borough, by changing the grade of the street, has caused sewage and water to flow into the plaintiff's cellar, made it impracticable for him to enter his house by the front door, destroyed his drains, damaged his porch and steps, cut down and made an abrupt embankment of from two to three feet in height along the entire front of his property and left his house upon a dangerous pinnacle; then, while they may not allow any sum distinctly as damages for any of the particular items of injury before mentioned, they may, in estimating the difference in the market value of the whole property, before and after the change of grade, take into consideration the specific items of injury above mentioned, together with any others which they may find."

Argued April 20, 1903.    Appeal, No. 33, April T., 1903, by defendant, from judgment of C. P. Westmoreland Co., Nov. T., 1901, No. 521, on verdict for plaintiff in case of S. P. Whitehead v. Manor Borough.    Before RICE, P. J., BEAVER, ORLADY. SMITH, W. D. PORTER, MORRISON and HENDERSON, JJ, Affirmed.

Appeal from award of jury of view.    Before McCONNELL, J.

At the trial it appeared that the proceeding was under the Act of May 24, 1878, P. L. 129, to assess damages for injuries claimed by the change of grade of Oak street in the borough of Manor.    The plaintiff claimed as an element of damages the removal of the steps giving access to his house.

The court charged in part as follows :

[But it is not admitted as a fact, and I do not wish to be understood as saying that it is a fact, that there is any encroachment by the step on the street or that there was, but if there was an encroachment that was not warranted, then in so far as there is an encroachment, there ought not to be recovery in

damages for the removal of that encroachment.    In order that it may be an encroachment, however, you must find that it is over the property line,—that it was over the property line,— and that it was placed over the property line after the creation of the municipality, or that it was placed over the property line before the creation of the muncipality and was kept there in defiance of some ordinance or other mandate from the municipality afterwards.    It had the right to be there until the borough would take some action if the borough was created after the step was placed there.    But if the step was placed over the line after the borough was created and they had no ordinance warranting it, then it would be an encroachment; and in so far as that step is concerned, and in so far as that encroachment within the limits of the street is concerned there ought not to be any damages for that.    The injuries to the balance of the property would be, however, unaffected by that consideration, and that I think would be probably a small matter at best and  probably will not give you very much trouble in considering the main question in the case ; that is, whether or not this property has been appreciated or depreciated in the market.]  [1]

Plaintiff presented this point:

2. If the jury find that the defendant borough, by changing the grade of Oak street, has caused sewage and water to flow into the plaintiff's cellar, made it impracticable for him to enter his house by the front door, destroyed his drains, damaged his porch and steps, cut down and made an abrupt embankment of from two to three feet in height along the entire front of his property and left his house upon a dangerous pinnacle, then, while they may not allow any sum distinctly as damages for any of the particular items of injury before mentioned, they may in estimating the difference in the  market value of the whole property, before and after the change of grade, take into consideration the specific items of injury before mentioned together with any others which they may find.  *Answer*—That is correct and the point is affirmed.  [2]

Verdict and judgment for plaintiff for $173.   Defendant appealed.

*Errors assigned* were [1, 2] above instructions, quoting them.

*James L. Kennedy*, and *John Latta*, for appellant.

*Charles C. Crowell*, for appellee.

OPINION BY BEAVER, J., October 5, 1903:

This was an appeal from an award of viewers appointed, under the provisions of the Act of May 24, 1878, P. L. 129, to view and assess the damages sustained by the plaintiff, by reason of a change of grade of a street in front of a lot upon which his dwelling was built. It would seem, from the evidence, that the plaintiff erected the house, before the incorporation of the defendant borough, so near the line of the highway that the steps leading from the porch abutted, if they did not encroach, upon the sidewalk and were removed in the change of grade which was made in pursuance of the report of the viewers. The jury found in favor of the plaintiff. But two questions are raised by the assignments of error.

1. The first relates to the instructions of the court in regard to the obstruction in the highway caused by the maintenance of the steps referred to. The question of the recovery by the plaintiff for the removal of the steps was practically eliminated from the case by the charge of the court and the question as to whether or not the steps were an encroachment upon the highway ceased to be of practical importance in the case. The appellants insist that what was said in the charge in regard to the encroachment, to wit: " In order that it be an encroachment, however, you must find that it is over the property line,—that it was over the property line,—and that it was placed over the property line after the creation of the municipality, or that it was placed over the property line before the creation of the municipality and was kept there in defiance of ordinance or other mandate from the municipality afterwards," was erroneous. Whether this was strictly correct or not is a matter of little practical importance, for the court added : " It (the steps) had the right to be there until the borough would take some action, if the borough was created after the step was placed there. But, if the step was placed over the line after the borough was created and they had no ordinance warranting it, then it would be an encroachment; and in so far as that step is concerned and, in so far as that encroachment within the limits of the street is

concerned, there ought not to be any damages for that.    The injuries to the balance of the property would be, however, unaffected by that consideration and that I think would be probably a small matter at best and probably will not give you very much trouble in considering the main question in the case; that is, whether or not this property has been appreciated or depreciated in the market." It is evident, from this extract and other similar expressions in regard to this part of the case, that the question of damages for the removal of the steps was practically eliminated and that the defendant was, therefore, not in any way injured by anything which the court said in regard to the abstract question of whether or not the steps were an encroachment, if erected upon a public highway before the incorporation of the borough.

2. The only other assignment of error relates to the affirmance of the plaintiff's second point. It is to be remembered that this is an appeal from the report of viewers, awarding damages for a change of grade in a street of a borough. No negligence is charged in the statement. Under the circumstances we see no reversible error in the affirmance of the point referred to which was: " 2. If the jury find that the defendant borough, by changing the grade of Oak street, has caused sewage and water to flow into the plaintiff's cellar, made it impracticable for him to enter his house by the front door, destroyed his drains, damaged his porch and steps, cut down and made an abrupt embankment of from two to three feet in height along the entire front of his property and left his house upon a dangerous pinnacle; then, while they may not allow any sum distinctly as damages for any of the particular items of injury before mentioned, they may, in estimating the difference, in the market value of the whole property, before and after the change of grade, take into consideration the specific items of injury above mentioned, together with any others which they may find." This is practically equivalent to saying,—with something of amplification it is true, but without departure from its spirit,—that the well known rule of the difference in market value of the property alleged to be damaged, before and after the change of grade, was the measure of damages to be applied by the jury: Dawson v. Pittsburg, 159 Pa. 317; Strathern v. Braddock Boro., 11 Pa. Superior Ct. 1,

Upon a consideration of the whole case, we find no substantial ground for a reversal based upon either of the assignments of error.  Judgment affirmed.